IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff,

vs.                                                         Case No. 04-20006-02-JWL

Jami Mosley,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's pro se motion, filed April 8, 2008, for retroactive application of the amended sentencing guidelines in order to reduce her term of imprisonment as provided by 18 U.S.C. § 3582(c). (Doc. 253.) Because there is no statutory basis for a reduction in sentence, for reasons stated below and in the interest of efficiency, defendant's motion is summarily denied without further briefing by the parties.

Defendant Mosley was tried before a jury and convicted on November 23, 2004, of one count of conspiracy to possess with intent to distribute cocaine and one count of managing a residence for the purpose of unlawfully storing and distributing a controlled substance. Pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and (ii)(II) (five (5) kilograms or more of cocaine; fifty (50) grams or more of cocaine base) the defendant's statutory minimum sentence, regardless of guideline recommendations, may not have been less than ten (10) years. Defendant was then sentenced on July 1, 2005, to the statutory minimum term of 120 months imprisonment.

The federal sentencing guidelines were amended effective November 1, 2007 to lower the base offense level for cocaine base ("crack" cocaine) offenses.  *See* Sentencing Guidelines for U.S. Courts, 72 Fed. Reg. 28,558,  28,571-72 (May 21, 2007).  These amendments were retroactively applied as of March 3, 2008.  *See* Sentencing Guidelines for U.S. Courts, 73 Fed. Reg. 217, 217 (Jan. 2, 2008).  Although the defendant points to these amendments as the basis for requesting a reduction in her sentence of imprisonment, these guideline amendments are not effective as such in this case.

Once the sentencing guidelines are amended in such a manner as to adjust a previously imposed sentencing range downward, the court may reduce a defendant's sentence if the "reduction is consistent with [the] applicable polic[ies]" of the Sentencing Commission.  18 U.S.C. § 3582(c)(2)(2002).  According to the Sentencing Guidelines, the policy statement of the Commission is that a reduction "is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S. Sentencing Guidelines Manual § 1 B1.10(a)(2)(B)(2008).  Application note one to U.S.S.G. § 1B1.10 states that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10 cmt. n. 1(A)(ii).

In this case, the defendant's sentence would not be lowered by the guideline amendments, as the sentence imposed by the court was pursuant to a required 120 month

statutory minimum.  *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and (ii)(II). Even according to the amended guidelines, defendant's statutory minimum sentence, although not exceeding the maximum end of the range, would fall within the guidelines range, and would not then "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1 B1.10.  More conclusively, courts have held that "the Sentencing Commission does not have the authority to override a statute."  *U.S. v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997) (quoting *U.S. v. Novey*, 78 F.3d 1483, 1486 (10th Cir. 1996)). Therefore, the defendant is not entitled to relief under the retroactively applied amendments to the sentencing guidelines.  *See, e.g.*, *U.S. v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008); *U.S. v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997).

      For these reasons, the defendant's pro se motion for a reduction of her sentence is denied.

IT IS SO ORDERED.

Signed this 25th  day of April, 2008.

                                          s/ John W. Lungstrum
                                          JUDGE JOHN W. LUNGSTRUM
                                          UNITED STATES DISTRICT JUDGE