**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  04-20006-JWL |
| | ) | |
| JAMI MOSLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Defendant Jami Mosley was convicted following a jury trial of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and managing a residence for the purpose of unlawfully storing and distributing a controlled substance. On July 8, 2005, Ms. Mosley was sentenced to the statutory mandatory minimum term of 120 months imprisonment.  On April 8, 2008, she filed a Motion for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c) (doc. 253).  The court summarily denied the § 3582 motion (doc. 254).

On May 8, 2012, Ms. Mosley filed a second Motion for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)  (doc. 260).  The following day, the court ordered that Ms. Mosley "shall have until May 29, 2012 to notify the court if she wishes to proceed on this document as a Motion  for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582 or if she wishes to

withdraw the document" (doc. 261). On May 25, 2012, the defendant filed a Motion to Appoint Counsel (doc. 264), seeking to "preserve her rights" as related to her § 3582 motion. As such, the court finds that Ms. Mosley has indicated that she wishes to proceed on her § 3582 motion.

For the reasons set forth below and in the interest of judicial economy, defendant's Motion to Appoint Counsel (doc. 264) is summarily denied and defendant's Motion for Retroactive Application of Sentencing Guidelines (doc. 260) is summarily dismissed for lack of jurisdiction without further briefing by the parties.

**1. Motion to Appoint Counsel**

Ms. Mosley asks the court to appoint her an attorney to assist with her § 3582 motion. There is, however, no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994). "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The court has the discretionary ability to appoint counsel under 18 U.S.C. § 3006A(a)(2)(B), unless the matter requires an evidentiary hearing. Because an evidentiary hearing on this matter is unnecessary, and Ms. Mosley's *pro se* pleadings demonstrate that she is able to effectively articulate her claims, the court denies her request for the appointment of counsel.

**2. 18 U.S.C. § 3582**

Ms. Mosley seeks a reduction in her sentence under the Fair Sentencing Act of 2010 (FSA). She concedes that the FSA has not been applied retroactively but seeks to

"preserve her issues pending any ruling by the Supreme Court or any vote by Congress to apply Amendment 750 [to the United States Sentencing Guidelines] retroactively" (doc. 260, at 2). Ms. Mosley also raises a constitutional challenge, arguing that because the FSA does not apply retroactively, it denies her equal protection under the law (*id.*).

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with the applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement to which § 3582(c)(2) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1). Section 1B1.10(a)(2) provides that a reduction is not authorized if the retroactive amendments do not apply to the defendant or do not have the effect of lowering the applicable guideline range.

In 2010, Congress passed the Fair Sentencing Act (FSA), Pub. L. No. 11-120, 124 Stat. 2372 (2010), amending various United States Code provisions with respect to crack cocaine violations, which, in effect, raised the quantities of cocaine base required to trigger various statutory mandatory minimum sentences from a 100:1 to an 18:1 "crack-to-powder" ratio. The statutory provisions of the FSA, including the increase in the threshold quantity of crack cocaine required to trigger a mandatory minimum

sentence, were not made retroactive.[1] *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010). The FSA directed the Sentencing Commission to amend the Sentencing Guidelines to conform with the new law within 90 days of the FSA's enactment. In response, the Sentencing Commission issued amended Guidelines to reflect the FSA's new crack-to-powder ratio. U.S.S.G. App. C, Amend. 750 (2011). The Commission subsequently ordered that this Amendment, unlike the FSA, become retroactively effective on November 1, 2011.

Here, Ms. Mosley was sentenced on July 8, 2005 to the statutory mandatory minimum. As such, she is ineligible for relief under § 3582(c)(2) because none of the amendments to the United States Sentencing Guidelines have the effect of lowering the her applicable guideline range. *See* U.S.S.G. § 1B1.10, cmt. n.1 (2011) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) . . . [if] an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."). Ms. Mosley's argument that the FSA should apply retroactively is foreclosed by the Tenth Circuit's opinion in *Lewis*, 625 F.3d at 1228 (finding the FSA does not apply retroactively).

Finally, Ms. Mosley argues that the FSA denies her equal protection under the

---

[1] The FSA only applies to defendants sentenced after August 3, 2010. *See* Pub. L. No. 11-220, 124 Stat. 2372 (2010).

4

law. She is precluded from advancing this claim, however, as a § 3582(c)(2) motion is an improper vehicle to raise constitutional arguments. *United States v. Gonzalez*, 304 Fed. App'x 739, 741 (10th Cir. 2009); *see United States* v. *Martin*, 367 Fed. App'x 584, 585 (6th Cir. 2010) ("[Section] 3582's narrow ambit excludes constitutional challenges.").

As the facts establish that Ms. Mosley's sentence is not based on a guideline range that has subsequently been lowered by the Sentencing Commission, the court is without jurisdiction to consider a reduction of sentence under § 3582(c)(2). *United States v. Curtis*, 252 Fed. App'x 886, 887 (10th Cir. 2007) (Where the amendment did not subsequently lower the defendant's Guideline range, the district court has no jurisdiction to consider a modification to his sentence under 18 U.S.C. § 3582(c)(2)).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Appoint Counsel (doc. 264) is summarily denied and defendant's Motion for Retroactive Application of the Sentencing Guidelines (doc. 260) is summarily dismissed for lack of jurisdiction.

**IT IS SO ORDERED** this 6th day of July, 2012.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge